OPINION
Appellant, James D. Gambrell, appeals a decision of the Preble County Court of Common Pleas, Division of Domestic Relations, denying his motion to terminate a shared parenting plan ("SPP") and to designate him as the residential parent of his two children.
The marriage of James D. Gambrell and Susan M. Gambrell was terminated by a dissolution decree on February 21, 1997. The parties have two children: Issac David Gambrell, born March 30, 1988, and Joel Andrew Gambrell, born March 21, 1990. Appellant and Susan entered into a SPP at the time of the dissolution of their marriage. The SPP stated that the children would reside with each parent for a six month period each year and the non-residential parent during each period would have the children on weekends. The SPP also included a provision stating that the parties "shall engage in mediation to resolve any disputes that may arise under this agreement and must do so before either party files any motion in court to modify this agreement."[1]
Initially, the parties did not follow the SPP, but were able to agree to other arrangements for the children. The children under the other arrangements lived primarily with appellant until February 1998; thereafter, the parties began following the SPP.
On January 22, 1999, appellant filed a motion to terminate the SPP and to designate him the residential parent of the children. As a basis for his motion, appellant claimed that issues concerning the welfare of the children arose during the time they were residing with their mother. The trial court conducted a hearing and interviewed each of the children separately in camera. An entry was issued on March 26, 1999, denying appellant's motion. Appellant appealed, raising the following single assignment of error:
 THE TRIAL COURT ERRED IN FINDING THERE IS NO CHANGE IN CIRCUMSTANCE REQUIRING THE COURT TO MODIFY THE PRIOR CUSTODY ORDER.
A trial court is vested with broad discretion in child custody matters and may only be reversed upon a showing of abuse of discretion. Pater v. Pater (1992), 63 Ohio St.3d 393, 396. The term "abuse of discretion" implies that the court's decision is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04(E) (2) (c), which addresses the termination of a SPP, provides that a trial court may terminate a final shared parenting decree on request of one or both of the parties, or on its own motion, if it determines that shared parenting is not inthe best interest of the children. When a shared parenting plan is terminated, the court determines custody ab initio under the standards provided in R.C. 3109.04(F) (1), taking into account what would be in the child's best interest. Zmyslo v. Zmyslo (Dec. 2, 1996), Warren App. No. CA96-02-016, unreported.
R.C. 3109.04(E) (1) (a), which addresses modification of a SPP, provides that a trial court must make a finding of a change in circumstances. Deimling v. Messer (Mar. 16, 1998), Clermont App. No. CA97-07-070, unreported.
In the instant case, the trial court should not have applied the change of circumstance standard when considering appellant's motion to terminate the SPP. However, after determining that there was not a change in circumstances, the trial court discussed issues and facts concerning what parenting arrangement would be in the best interest of the children.
Although the trial court initially considered appellant's motion to terminate the SPP under the wrong standard, any error was harmless because the trial court also considered what would be the best parenting arrangement for the children before determining not to terminate the SPP. While the trial court did not explicitly state that it was determining the best interest of the children, it made an implicit finding on the children's best interest before deciding not to terminate the SPP.
Appellant argues on appeal that the trial court abused its discretion by ignoring issues concerning the welfare of the children which arose during the time the children were living with their mother. At the hearing, appellant testified that the children informed him that they tried to force a .22 caliber bullet into a starter pistol Susan bought for one of the boys and that they built a gasoline bottle bomb while staying with their mother. Susan testified that she was unaware of these two instances at the time they occurred, but since that time she had taken corrective measures so that this type of situation would not occur again.
Appellant made other allegations regarding the care of the children which were contradicted by Susan's testimony. In particular, appellant alleged that Issac's penis was scrubbed to the point of irritation requiring hospitalization. However, Susan testified that she did not do so, and the infection Issac suffered was caused by Issac's failure to adequately wash. Appellant also testified that the children were left unattended while Susan and her new husband, who both work third shift, slept through the day. Susan testified that since November 1998, she has worked in a position which allows her to be home with the children in the afternoon. Appellant alleged that Susan was not cooperative in bringing the children to extracurricular activities, while Susan testified she feels extracurricular activities are important for children.
Appellant also alleged that Susan rarely attended or participated in teacher conferences and during the time the children were with her, their homework was not turned in to their teachers. Susan testified that she attended all conferences where her attendance was requested and that she has learned that she must check homework rather than taking the children's word that their assignments were completed.
The trial court did not specifically make factual findings as to each of appellant's allegations, but concluded that both parents are fit to care for the children and strive to seek the best interest of their children.
The trial court interviewed both children, but noted it had some doubt regarding the weight which should be given Issac's comments, which favored appellant. The trial court found that Issac was prepared with a list of complaints so that he would be placed with his father and that he was "a bit spoiled." The trial court also noted that Issac feels he has nicer things at his father's house and that most of his complaints involve things of little significance. The trial court determined that some of the complaints raised by Issac could be resolved through improved communication and that it was not in Issac's best interest to terminate the SPP. The trial court concluded that the SPP had worked in the past and denied the motion to terminate the plan.
We find no abuse of discretion in the trial court's decision. There is evidence demonstrating the plan worked in the past and that it is in the best interest of the children to continue the SPP. As noted by the trial court, some minor modifications to the SPP may be necessary to resolve the issues mentioned at the hearing and the parties should learn to work these things out by themselves or with the help of a mediator as required by the SPP. There is competent evidence in the record to support the trial court's decision not to terminate the SPP. The trial court's decision was not unreasonable, arbitrary or unconscionable.
Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The trial court stated in its decision that neither party made an effort to obtain mediation prior to the time of the hearing and that in spite of the mediation provision, the trial court held a hearing. Neither party raised the issue of mediation at the hearing, nor has the issue been raised on appeal.